NATIONAL ANILINE & CHEMICAL Co. *et al. v.* UNITED STATES
(No. 1092).[1]

ESSENTIAL OILS—DRUGS.

All these oils are obtained by processes of distillation and a specific description of them appears in paragraph 3, tariff act of 1909. They are dutiable *co nomine* under that paragraph.

## United States Court of Customs Appeals, April 22, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7420 (T. D. 33117).

[Affirmed.]

*Walden & Webster* for appellants.

*William L. Wemple,* Assistant Attorney General (*Leland N. Wood,* assistant attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case is oil of cypress, oil of cloves, oil of cardamom, and oil of pennyroyal, and was assessed for duty at 25 per cent ad valorem as essential oils under paragraph 3 of the tariff act of 1909, which, so far as applicable, reads as follows:

3. Alkalies, alkaloids, distilled oils, essential oils, expressed oils, rendered oils, and all combinations of the foregoing, and all chemical compounds, mixtures and salts, and all greases, not specially provided for in this section, twenty-five per centum ad valorem; * * *.

It is claimed by the importers to be dutiable at one-fourth of 1 cent per pound and 10 per cent ad valorem under paragraph 20 of the same act, the material part of which is as follows:

20. Drugs, such as barks, beans, berries, balsams, buds, bulbs, bulbous roots, excrescences, fruits, flowers, dried fibers, dried insects, grains, gums and gum resin, herbs, leaves, lichens, mosses, nuts, nutgalls, roots, stems, spices, vegetables, seeds (aromatic, not garden seeds), seeds of morbid growth, weeds, and woods used expressly for dyeing or tanning; any of the foregoing which are natural and uncompounded drugs and not edible, and not specially provided for in this section, but which are advanced in value or condition by any process or treatment whatever beyond that essential to the proper packing of the drugs and the prevention of decay or deterioration pending manufacture, one-fourth of one cent per pound, and in addition thereto ten per centum ad valorem: * * *.

The Board of General Appraisers overruled the protest.

The record establishes that all these oils are obtained by processes of distillation applied to the leaves or other natural forms of the cypress, clove, cardamom, or pennyroyal plants.

It is not denied by the importers that these oils answer the requirements of the definition of essential oils, but they urge that, although such, they are, nevertheless, natural drugs, uncompounded, and advanced in value or condition beyond that essential to the proper packing, etc., thereof mentioned in paragraph 20. They further claim that the descriptive provisions of paragraph 20 are more specific than the term "essential oils" in paragraph 3, or, at any

[1] Reported in T. D. 33377 (24 Treas. Dec., 608).

rate, that Congress, by the language of paragraph 20, manifested an intention to exclude these oils from classification as essential oils.

On the other hand, it is said by the Government that the term "essential oils" is an *eo nomine* description directly applicable to the merchandise in question, and that as each of the paragraphs contain the words "not specially provided for" paragraph 3 more specifically applies thereto. We think an extended discussion of this question is unnecessary. No more specific class description of these oils could have been used than that employed in paragraph 3, because the term "essential oils" exactly describes the class to which these importations concededly belong. If they are included in the general description of the drugs dutiable under paragraph 20, they are only a small part of the great number or classes of articles to which that paragraph may apply, and as a class or as individuals of a class they are not *eo nomine* mentioned therein. To be dutiable thereunder it must be found that they are drugs, and also that they are in the state or condition therein prescribed. If this were found, they would still remain essential oils *eo nomine* mentioned in paragraph 3 and not *eo nomine* elsewhere mentioned.

We are unable to discover in paragraph 20 any language which indicates an intent on the part of Congress to render inoperative the rule that when merchandise is claimed to be embraced within the fair meaning of the language of two competing paragraphs that which is the more specific shall be applièd.

We are of opinion that paragraph 3 more specifically describes these essential oils than does paragraph 20, and the judgment of the Board of General Appraisers is *affirmed*.